IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASSETS AND HOLDINGS LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-571-MN |
| | ) |
| LIFE SETTLEMENT EXCHANGE, INC., | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Presently before the court is plaintiff Assets and Holdings Ltd.'s ("Plaintiff") motion for entry of judgment by default pursuant to Federal Rule of Civil Procedure 55(b)(1). (D.I. 14) I recommend that the court GRANT Plaintiff's motion and direct the Clerk of Court to enter default judgment in favor of Plaintiff in the amount of $367,711.80, plus post-judgment interest at the contractual rate of 60%, in the following form:

WHEREAS, on April 28, 2020, Plaintiff filed this action alleging causes of action for breach of contract, breach of quasi-contract, and unjust enrichment against defendant Life Settlement Exchange, Inc. ("Defendant") relating to a promissory note between the parties in which Plaintiff agreed to loan Defendant $150,000, to be paid back with interest on or before February 17, 2020 (D.I. 1 at ¶¶ 6-26; Ex. A);

WHEREAS, Plaintiff served the summons and complaint upon Defendant's registered agent on May 1, 2020 (D.I. 7-1 at ¶ 4), and on May 4, 2020, the summons was returned executed by Defendant (D.I. 4);

WHEREAS, Defendant failed to file and serve a timely responsive pleading or motion as required under Rule 12 of the Federal Rules of Civil Procedure;

WHEREAS, Plaintiff filed a request for default in appearance pursuant to Rule 55(a) (D.I. 7), and the Clerk of Court entered the default in appearance against Defendant pursuant to Rule 55(a) on June 26, 2020 (the "Entry of Default in Appearance") (D.I. 8);

WHEREAS, Plaintiff served the Entry of Default in Appearance on Defendant through Defendant's registered agent in Delaware on July 13, 2020 (D.I. 12 at ¶ 5; Ex. A);

WHEREAS, on February 10, 2021, the court entered an order granting Plaintiff's motion to consider the Entry of Default in Appearance properly served on Defendant (D.I. 13);

WHEREAS, on February 18, 2021, Plaintiff filed a motion for entry of default judgment pursuant to Rule 55(b)(1) (D.I. 14);

WHEREAS, Federal Rule of Civil Procedure 55(b)(1) authorizes the entry of default judgment by the Clerk of Court for a sum certain[1] after the Clerk of Court enters default under Rule 55(a) (Fed. R. Civ. P. 55; *see also J & J Sports Prod., Inc. v. Kim*, C.A. No. 14-1170-LPS, 2016 WL 1238223, at *1 (D. Del. Mar. 29, 2016));

WHEREAS, the Entry of Default in Appearance under Rule 55(a) was entered by the Clerk of Court on June 26, 2020 (D.I. 8); copies of the Entry of Default in Appearance were

---

[1] "In the Rule 55 context, a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003). To satisfy the certainty requirements for the amount of the default judgment under Rule 55(b)(1), a plaintiff must do more than simply request a specific amount. *See Liberty Bell Equip. Corp. v. Coastal Tool Supply, LLC*, 2018 WL 5885455, at *1 (E.D. Pa. Nov. 9, 2018); *see also* 10A Charles Alan Wright et al., Federal Practice and Procedure § 2683 (4th ed.). Rather, the plaintiff must demonstrate "that the amount requested is reasonable under the circumstances." *Holliday v. Cabreara & Assocs., P.C.*, 2007 WL 30291, at *1 (E.D. Pa. Jan. 4, 2007). The amount of the default judgment requested by Plaintiff is a sum certain based on the terms of the promissory note executed by the parties, which is attached as Exhibit A to the complaint. (D.I. 1, Ex. A) Because the amount of the judgment is a liquidated sum agreed upon by the parties in the promissory note, no evidentiary hearing or testimony is required to determine the amount of the judgment. *See* 46 Am. Jur. 2d Judgments § 288 ("[T]he requirement of a hearing on damages is subject to an exception when the amount claimed is a liquidated sum or one capable of mathematical calculation.").

served on Defendant's registered agent (D.I. 12 at ¶ 5; Ex. A); and the court granted Plaintiff's motion to consider the Entry of Default in Appearance properly served on Defendant (D.I. 13);

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Rule 55(b)(1) motion for entry of default judgment is GRANTED.  The Clerk of Court is instructed to enter default judgment in favor of Plaintiff and against Defendant as follows:

| Principal amount due: | $150,000.00 |
|---|---|
| Contractual Interest: | $75,000.00 |
| Contractual Pre-Judgment Interest (60%): | $135,375.00[2] |
| Attorney's Fees: | $6,720.00 |
| Court Costs: | $616.80 |
| **TOTAL:** | **$367,711.80** |

Upon the entry of the default judgment by the Clerk of Court under Rule 55(b)(1), Plaintiff shall serve a copy of the default judgment on Defendant by mailing a copy to: (1) the last known address for Defendant and (2) Defendant's registered agent, and shall file proofs of service regarding same.  To the extent that service upon Defendant by mail at Defendant' headquarters is unsuccessful, Plaintiff may provide notice to Defendant at its headquarters by following the procedures outlined in Plaintiff's motion to consider the Entry of Default in Appearance properly served on Defendant.  (D.I. 12; D.I. 13)

---

[2] The amount of pre-judgment interest appears to have been calculated as of the date Plaintiff filed the motion for entry of default judgment.  This amount may be adjusted to account for pre-judgment interest accruing between the filing of the motion and the date of the entry of default judgment.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to three (3) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 14, 2021

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

4